UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANTHONY JACKSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NICOLE GREEN, et al., )<br>)<br>Defendants. ) | No. 1:17CV143 HEA |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 016547), an inmate at Dunklin County Jail, for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will not assess an initial filing fee at this time. Furthermore, after reviewing the complaint, the Court will issue process on plaintiff's claims for relief.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates that he does not have any funds in his prison account at this time. Accordingly, the Court will not assess an initial partial filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff also brings supplemental state law claims against defendants pursuant to 28 U.S.C. § 1367. Named as defendants in this action are: Bob Holder (Sheriff, Dunklin County); Nicole Green (Jail Administrator, Dunklin County Justice Center); Jimmy Smith (Asst. Jail Administrator); Ashley Green (Nurse); and Unknown Pewitt (Doctor). Plaintiff brings this action against defendants in their individual and official capacities.

Plaintiff states that he arrived at the Dunklin County Jail in December of 2016. He states that he was diagnosed with multiple sclerosis at the end of 2005, and since that time he has had to take various medications to control his disease and alleviate his symptoms. Plaintiff claims that at the time he was incarcerated in the Illinois Department of Corrections, prior to arriving at the Dunklin County Justice Center, he was properly medicated for his multiple sclerosis. However, since coming to the Dunklin County Jail he has not received his pain medication or a muscle relaxer. Plaintiff claims that he has asked all of the individual defendants for his medications for his multiple sclerosis but he has been told that "they don't give out those types of medications here." Plaintiff asserts that he is living in constant pain and is unable to sleep properly as a result of defendants' inability to properly medicate him for his disease.

Plaintiff asserts that these defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. He also claims that they were negligent to his needs, and he asserts a state law claim of intentional infliction of emotional distress.

Plaintiff additionally asserts that there really is no "sick call procedure" at the Dunklin County Jail. He claims that the only "nurse" at the Jail is Ashley Green, the wife of Nicole Green, the Jail Administrator. Plaintiff states that Ashley Green does not conduct medical rounds or have a sick call procedure in place and does not pass out medications. He asserts that she leaves the medication dispensation to the correctional officers who do not have a medical background. Plaintiff asserts that if an inmate has a serious medical injury, he is not taken to an outside hospital, nor is 911 called; instead the correctional officers take the inmate to "medical observation" near the booking area.

Plaintiff claims that on the weekends Ashley Green is not available at all, even for a medical emergency, and there are no emergency buttons in the cells. In this way, plaintiff claims

that the Jail has an overall custom and policy of failing to provide adequate medical care to the inmates kept at the Dunklin County Jail.

Plaintiff seeks damages and injunctive relief in this action.

**Discussion**

The Court believes plaintiff has alleged enough facts to state a claim for deliberate indifference to his medical needs in violation of the Eighth Amendment with respect to the individually named defendants. Moreover, with regard to these defendants, plaintiff has also alleged enough facts for a custom or policy claim for deliberate indifference to medical care. Thus, the Court will issue process on plaintiff's official capacity claims with regard to the individual defendants. Plaintiff's state law supplemental claims have also survived initial § 1915 review.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court will not assess an initial filing fee at this time.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Bob Holder, Nicole Green, Jimmy Smith, Ashley Green and Unknown Dr. Pewitt in their official and individual capacities. Defendants shall be served by issuance of summons and service by the U.S. Marshal's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Bob Holder, Nicole Green, Jimmy Smith, Ashley Green and Unknown Dr. Pewitt shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

Dated this 12th day of December, 2017.

                                              HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE